IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |
|---|---|
| KEVIN LAMONTE HILL, JR., ) | ) |
| Plaintiff, ) | ) |
| v. ) | No.2:22-cv-02797-SHM-tmp |
| CAMERON PORTER, ET AL., ) | ) |
| Defendants. ) | ) |

**ORDER GRANTING MOTION TO RECONSIDER**

Before the Court is Plaintiff Kevin Lamonte Hill, Jr.'s Motion to Reconsider. See ECF No. 18. Plaintiff's Motion is GRANTED.

**I.   Background**

This action is a consolidation of three complaints Plaintiff filed in separate cases. See Hill v. Shelby Cnty. Corr. Ctr., No. 22-cv-02351 (W.D. Tenn. June 6, 2022); Hill v. Porter et al., 22-cv-02797 (W.D. Tenn. Nov. 14, 2022); Hill v. Rudd et al., No. 23-cv-02030 (W.D. Tenn. Jan. 20, 2023). Plaintiff, who was incarcerated at the Shelby County Criminal Justice Center ("SCCJC") when he filed his complaints, alleges that SCCJC deputies fabricated logbooks about the frequency of "general cleaning" and "rounds" at the SCCJC. See ECF No. 14, at 2 (citing

complaints). Plaintiff alleges that those failures violated SCCJC policies and jeopardized his health and well-being. See id.

On December 22, 2022, Plaintiff requested a copy of the docket sheet. See ECF No. 7. Plaintiff expressed his concern that mail had often failed to reach him at the SCCJC. See id. On February 13, 2023, Plaintiff notified the Court that he had been relocated to the Shelby County Corrections Department "Penal Farm". See ECF No. 8. Plaintiff requested copies of the docket sheets in two of his cases, citing his concern that they might have been sent to the SCCJC by mistake. See id. A month later, on March 13, 2023, Plaintiff notified the Court that he had been released from confinement. See ECF No. 10. Plaintiff provided the address of the new location, "Preserve House," from which he would participate in a "FOCUS and RE-ENTRY program." See id.; ECF No. 18, at 3; ECF No. 21-1, at 2. On March 20, 2023, the docket sheet that Plaintiff had requested in December 2022 was returned as undeliverable. See ECF No. 11. It had been sent to the SCCJC. See id.

On May 19, 2023, the Court entered an Order dismissing Plaintiff's Consolidated Complaint without prejudice for failing "to allege facts stating a claim to relief under 42 U.S.C. § 1983." See ECF No. 14, at 12. The Court granted leave to amend

2

within twenty-one days of the Order. See id. The Court cautioned that failure to file an amended complaint in the specified time would result in the dismissal of the Consolidated Complaint with prejudice. See id. at 12-13. The Court also ordered Plaintiff to submit, within fourteen days of the Order, a non-prisoner in forma pauperis affidavit or a $402 filing fee. See id. at 13.

Plaintiff filed an application to proceed in forma pauperis on May 31, 2023, but he did not file an amended complaint. See ECF No. 15. On August 9, 2023, the Court granted Plaintiff's motion to proceed in forma pauperis and dismissed the case with prejudice, citing Plaintiff's failure to file an amended complaint. See ECF No. 16, at 4. The Court entered judgment against Plaintiff. See ECF No. 17.

About nine months later, on May 20, 2024, Plaintiff, represented by counsel, filed the present Motion for Reconsideration. See ECF No. 18. Through counsel, Plaintiff represents that he never received correspondence from the Court while he was at the Penal Farm. See id. at 4; ECF No. 21-1, at 3. Plaintiff represents that, months after he had been released from custody, he was notified that mail had arrived for him by a Penal Farm deputy, see ECF No. 18, at 4, and by a Preserve House acquaintance. See ECF No. 21-1, at 3. Plaintiff, who did not have access to the Court's electronic-filing system, avers that he first learned about the Court's Orders dismissing his

3

Consolidated Complaint and requiring him to file an amended pleading within twenty-one days when he retrieved his mail from a Penal Farm Corrections Deputy, see ECF No. 18, at 3-4, or was notified by an acquaintance at Preserve House. See ECF No. 21-1 at 3.[1] Plaintiff sought counsel to prosecute his claims.

After counsel had filed a motion for Reconsideration on the ground that Plaintiff had never received notice of the Court's Orders, see ECF No. 18, the Court ordered Plaintiff to file a Declaration explaining how he was able to file his Motion to proceed in forma pauperis within the deadline prescribed by the Court, but not the amended complaint, if he never had notice of the Orders prescribing those deadlines. See ECF No. 20. In his Declaration, Plaintiff declares that he filed his Motion in forma pauperis without knowledge that the Court had directed him to do so because he "was aware he was required to file this document while incarcerated and believed [he] needed to do so now that [he] was out of custody." See ECF No. 21-1, at 2-3. He was also "in the process of drafting other lawsuits…and knew [he] was unable to pay the filing fees." See id.

---

[1] Although Plaintiff's Declaration explains his motivation to file a Motion in forma pauperis, as directed by the Court, it does not address the inconsistent explanations about how Plaintiff eventually came to know of the Court's May 17, 2023 Orders consolidating Plaintiff's cases and May 19, 2023 Order setting the deadlines to file an amended complaint and motion in forma pauperis. Compare ECF No. 18, with ECF No. 21-1.

4

**II. Law**

The Court may "relieve a party or its legal representative from a final judgment" for "mistake, inadvertence, surprise, or excusable neglect", provided a motion is made within one year after the entry of judgment. See Fed. R. Civ. P. 60(b)(1), 60(c).

"In determining whether relief is appropriate under Rule 60(b)(1), courts consider three factors: '(1) culpability—that is, whether the neglect was excusable; (2) any prejudice to the opposing party; and (3) whether the party holds a meritorious underlying claim or defense. A party seeking relief must first demonstrate a lack of culpability before the court examines the remaining two factors.'" Yeschick v. Mineta, 675 F.3d 622, 628–29 (6th Cir. 2012) (quoting Flynn v. People's Choice Home Loans, Inc., 440 F. App'x 452, 457–58 (6th Cir. 2011)). "Excusable neglect" includes "situations in which the failure to comply with a filing deadline is attributable to negligence." Id. at 629 (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 397 (1993)). "[P]arties have an affirmative duty to monitor the dockets to keep apprised of the entry of orders that they may wish to appeal." Id. (citing Kuhn v. Sulzer Orthopedics, Inc., 498 F.3d 365, 370–71 (6th Cir. 2007)). For those with access to electronic dockets, the burden to monitor a docket is "minimal". See id.

5

**III. Analysis**

Relief from judgment is warranted at this stage. Crediting Plaintiff's representations, Plaintiff is not culpable for the failure to timely amend his Consolidated Complaint. Plaintiff timely notified the Court about changes to his address. See ECF Nos. 8, 10. Despite those updates, it appears that Plaintiff had difficulty receiving correspondence from the Court. See, e.g., ECF No. 11 (mail sent to the SCCJC returned as undeliverable after Plaintiff had notified the Court twice about address changes).

Plaintiff first represents that the Court's Orders, along with the direction to file an amended pleading within twenty-one days, were sent to the Penal Farm instead of Plaintiff's updated address. See ECF No. 18, at 4. In his Declaration, Plaintiff represents that he learned of the May 19, 2023 Order setting the 21-day filing deadline in "late June or July 2023, when an acquaintance of mine from the Preserve House notified me I had received mail, long after the deadline to file an amended complaint had passed." See ECF No. 21-1, at 3.[2]

---

[2] Taking Plaintiff's 28 U.S.C. § 1746 declaration (unsworn but under penalty of perjury) as true, it remains unclear whether Plaintiff's lack of notice is attributable to untimely delivery of the Court's orders or failure to timely check his mail in the Preserve House bin. See ECF No. 21-1, at 2-3 nn. 1-2. However, given Plaintiff's affirmative steps to be kept aware of incoming mail by timely updating his mailing address and requesting an acquaintance to notify him if he received any mail, and given the record showing mail from the Court was sent to an outdated address, Plaintiff has demonstrated his "lack of culpability." See Yeschick, 675 F.3d at 628-29; ECF Nos. 11 and 21-1.

6

Although the Court's Orders were also available on the Court's electronic-filing system, Plaintiff, a pro se litigant who had recently been released from incarceration, represents that he did not have access to that system. See ECF No. 18, at 3. Plaintiff cannot be faulted for failing to respond to a Court Order if that Order was sent to the wrong location.

The Court credits Plaintiff's representations in his newly filed Declaration, see ECF No. 21, originally missing from, but referenced in, his Motion for Reconsideration. See ECF No. 18, at 2 n. 3. Because Plaintiff has now filed a declaration explaining how he failed to receive the May 19, 2023 Order, but filed the May 31, 2023 in forma pauperis affidavit the Order required, this Court is satisfied that relief from judgment is warranted.

The prejudice to opposing parties is no greater than the prejudice to any defendant named in a lawsuit. Plaintiff's pro se Consolidated Complaint was dismissed during the screening process for complaints filed by incarcerated plaintiffs. See 28 U.S.C. § 1915A. Defendants in this case were never served. They will not face the burden of reengaging counsel or relitigating claims. Their interest in finality is not disturbed. Although Defendants' recollections and access to evidence may be impaired by the passage of time, that disadvantage is shared equally by Plaintiff.

The Court preliminarily determined that Plaintiff's Consolidated Complaint failed "to allege facts stating a claim to relief under 42 U.S.C. § 1983." See ECF No. 14, at 12. That dismissal was without prejudice, and Plaintiff was given the opportunity to file an amended complaint. Plaintiff has been released from confinement and has sought the assistance of counsel. Counsel may be able to craft an amended pleading that states a plausible claim to relief.

**IV. Conclusion**

Plaintiff's Motion for Reconsideration is GRANTED. Plaintiff has TWENTY-ONE (21) DAYS from the entry of this Order to file an amended complaint.

SO ORDERED this *10th* day of September, 2024.

                                /s/ *Samuel H. Mays, Jr.*
                                SAMUEL H. MAYS, JR.
                                UNITED STATES DISTRICT JUDGE